IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roy Haskell Price, #302708, ) | |
| ) | C/A No. 0:08-3451-TLW-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| McKither Bodison, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

The petitioner, Roy Haskell Price ("Price"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment. (Docket Entry 25.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 26.) Price filed a response in opposition to the respondent's motion, (Docket Entry 29), which is now before the court for a Report and Recommendation.

### BACKGROUND

Price was indicted in October 2003 in Lexington County for six counts of committing or attempting a lewd act upon a child under sixteen (03-GS-32-4040, 03-GS-32-4041, 03-GS-32-4042, 03-GS-32-4043, 03-GS-32-4044, 03-GS-32-4046). (App. at 246-57, Docket Entry 24-7 at 16-27.) Price was represented by John O'Leary, Esquire and on June 11, 2004, pled guilty as charged

pursuant to North Carolina v. Alford, 400 U.S. 25 (1970).[1] (App. at 8-22, Docket Entry 24-5 at 10-24.) Price was sentenced to three consecutive fifteen-year terms of imprisonment for indictments 03-GS-32-4046, 03-GS-32-4044, and 03-GS-32-4043, for a total sentence of 45 years. Additionally, Price was sentenced to fifteen years' imprisonment for each of indictments 03-GS-32-4040, 03-GS-32-4041, and 03-GS-32-4042, to be served concurrently to all other sentences. (App. at 58-60, Docket Entry 24-5 at 60-62.) Price did not file a direct appeal.

Price filed a *pro se* application for post-conviction relief on March 3, 2005 ("PCR Action"). (Price v. State of South Carolina, 05-CP-32-0713, App. at 63-70, Docket Entry 24-5 at 65-72.) In his application, Price alleged that he received ineffective assistance of counsel and that his guilty plea was involuntary, unknowing, and unintelligent. (App. at 65-66, Docket Entry 24-5 at 67-68.) The State filed a return on May 20, 2005. (App. at 71-77, Docket Entry 24-5 at 73-79.) It appears that Price, through counsel Tara D. Shurling, Esquire, filed an amended application dated July 14, 2006, which slightly modified his claims of ineffective assistance of counsel and his allegations that his pleas of guilty were not knowingly, voluntarily, and intelligently entered. (See App. at 83-84, Docket Entry 24-5 at 84-85; Respt.'s Ret. & Mem. in Supp. of Mot. for Summ. J., Docket Entry 24 at 3; Petr.'s Mem. in Opp'n to Respt.'s Mot. for Summ. J., Docket Entry 29-1 at 2.) On January 16, 2007, the PCR court held an evidentiary hearing at which Price was present and testified. (App. at 79-208, Docket Entry 24-5 at 81 through Docket Entry 24-6 at 89.) The PCR court denied Price's application for post-conviction relief by order filed February 13, 2007. (App. at 234-45, Docket Entry 24-7 at 2-15.)

---

[1] Pursuant to Price's negotiated plea agreement, two additional charges of criminal sexual conduct with a minor (03-GS-32-4047, 03-GS-32-4048) and one charge of committing or attempting a lewd act upon a child under sixteen (03-GS-32-4045) in companion cases were dismissed. (App. at 22-23, Docket Entry 24-5 at 24-25.)



Price filed an appeal in which he was represented by Wanda H. Carter, Esquire, Deputy Chief Appellate Defender for the South Carolina Commission on Indigent Defense, Division of Appellate Defense. On November 27, 2007, Carter filed a petition for a writ of certiorari in which she presented the following issue:

> Trial counsel erred in failing to object to having petitioner's taped statement played to the plea judge prior to sentencing.

(Docket Entry 24-1.) The State filed a return. (Docket Entry 24-2.) By letter order dated September 4, 2008, the South Carolina Supreme Court denied Price's petition for a writ of certiorari. (Docket Entry 24-3.) The remittitur was issued on September 25, 2008. (Docket Entry 24-4.)

## FEDERAL HABEAS ISSUES

In Price's federal petition for a writ of habeas corpus, he raises the following issues:

> **Ground One:** Ineffective Assistance of Counsel
> **Supporting Facts:** Counsel failed to object to prosecution playing tape of confession in open court.
>
> **Ground Two:** Involuntary, Unknowing, Unintelligent Plea
> **Supporting Facts:** Applicant uninformed of right to withdraw plea. Had Applicant known that Prosecution would be playing confession tape he would have withdrawn guilty plea and elected to go to trial.

(See Pet., Docket Entry 1 at 5-6.)

## DISCUSSION

**A.  Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party

who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

    **1.     Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of

PJG

the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. Exhaustion Requirement

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

C. **Motion for Summary Judgment**

1. **Ineffective Assistance of Counsel Generally**

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel in connection with a guilty plea, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "In many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." Hill v. Lockhart, 474 U.S. 52, 58-60 (1985) (discussing the Strickland standard and its application in the context of guilty pleas).

2. **Ground One**

Price alleges that his counsel was ineffective in failing to object to the prosecution's playing his taped confession during his guilty plea and sentencing. Price contends that the circumstances surrounding his recorded statement created a situation where his free will was overridden resulting in an involuntary confession. Price argues that his counsel should have therefore objected to the playing of the taped confession.

*PJG*

During the PCR hearing, Price testified that following a phone call from the Sheriff's Department, he scheduled an appointment to meet with someone from the Department. Price stated that he met with Investigator Russell and provided the recorded statement at issue. Price testified that the statement was not voluntary because he did not feel free to leave, he believed he was held against his will for a long period of time, and he was not offered anything to eat or drink. Price further stated that, due to a heart condition, he did not know what he was saying at the Sheriff's Department and could not later recall the conversation. Finally, Price testified that he did not recall receiving his Miranda rights. (See App. at 88-91, Docket Entry 24-5 at 90-93.)

Counsel testified that prior to the plea he and co-counsel had reviewed the taped confession. Counsel stated that the statement "was very damaging" and they "didn't see any way around that particular statement." (App. at 167, Docket Entry 24-6 at 48.) Counsel did not believe it would be suppressed. (App. at 174, Docket Entry 24-6 at 55.) Counsel testified that Price voluntarily went to the Sheriff's Department without an attorney and was questioned for two or three hours. (App. at 175-76, Docket Entry 24-6 at 56-57.) While counsel stated that he believed it was not fair, he believed it was a reasonable number of hours. (App. at 176, Docket Entry 24-6 at 57.) Counsel testified that the recording was played during the plea and that there was "no way [he] could stop that." (App. at 177, Docket Entry 24-6 at 58.) Counsel believed that he made an effort to stop the tape from being played but that the judge wanted to hear the tape. (App. at 193, Docket Entry 24-6 at 74.) Counsel stated that it never occurred to him that the prosecution would play the tape at the guilty plea hearing, so he did not request that the tape not be played as part of the plea negotiations. (Id.) Finally, counsel testified that he did not view the playing of the confession as inconsistent with an Alford plea. (App. at 193-94, Docket Entry 24-6 at 74-75.) The Record indicates that at the conclusion of the hearing, the PCR court reviewed the taped confession in the presence of counsel.

The PCR court found that Price's testimony was not credible and that counsel's testimony was extremely credible. (App. at 242, Docket Entry 24-7 at 12.) In considering whether counsel was ineffective for failing to object to the playing of the taped confession, the PCR court stated the following:

> This Court further finds that [Price] gave a taped statement to Detective Russell of the Lexington County Sheriff's Department. In that statement he confessed to improperly touching three (3) girls on his school bus. This Court further finds that [Price] was given his <u>Miranda</u> rights and informed he could stop the statement at any point he wanted to speak with an attorney. [Price] waived those rights and confessed to these crimes to Detective Russell. [Price] was properly arrested subsequent to his confession. There is absolutely no evidence to support [Price's] assertion that he had no idea what he was saying to the sheriff because of his poor medical condition.
> This Court further finds that, even if [Price] had shown that Mr. O'Leary was deficient, which this Court finds has not been shown, as stated above, [Price] has certainly failed to show that the outcome of his case would have been different but for Mr. O'Leary's representation. This Court finds that there has been no prejudice shown in this matter.

(App. at 243-44, Docket Entry 24-7 at 13-14.) The PCR court concluded that counsel "provided effective representation that was well within the accepted standard for criminal defense attorneys in this state." (App. at 242, Docket Entry 24-7 at 12.)

In response to the respondent's motion for summary judgment, Price reiterates the arguments he presented to the PCR court and contends that his confession was involuntary. Relying on a federal habeas corpus case addressing a state court's denial of a motion to suppress a confession, Price argues that a state court's determination of whether a confession is voluntary is not entitled to a presumption of correctness and must be independently determined in a federal habeas proceeding. Therefore, Price asserts that an evidentiary hearing is necessary to determine whether his confession was voluntary. (<u>See</u> generally Docket Entry 29-1 at 6-7.)

*PJG*

The issue before this court is not whether the state court erred in denying a motion to suppress evidence. Rather, the issue is whether counsel's failure to object to the playing of the tape at the plea hearing fell below the objective standard of reasonableness, and if so, whether Price has demonstrated that he was prejudiced as a result of this error. See Strickland, 466 U.S. at 687.

Upon thorough review of the record in this matter, the court finds that Price cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams v. Taylor, 529 U.S. at 410; 28 U.S.C. § 2254(d)(2), (e)(1). Price has failed to show that there was any legitimate basis to exclude the confession and that counsel's decision not to object to the tape rendered him deficient. See McCarver v. Lee, 221 F.3d 583, 594 (4th Cir. 2000) ("In evaluating trial counsel's performance, [the court] must be highly deferential to counsel's strategic decisions and not allow hindsight to influence our assessment of counsel's performance."). Nor has he clearly shown that the PCR court's factual and credibility determinations were without support. See Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ("But for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."). Finally, even assuming that counsel erred, Price has failed to demonstrate that he was prejudiced. See Strickland, 466 U.S. at 687. Based on the Record before the court, Price cannot show that counsel would have prevailed on the objection and that the outcome of the plea would have differed. Furthermore, the court observes that in establishing a factual basis for the plea, the prosecution summarized the contents of the confession. (See App. at 31-34, Docket Entry 24-5 at 33-36.) The playing of the tape was therefore merely cumulative. For all of the above reasons, Price is not entitled to federal habeas relief on this ground.

### 3. Ground Two

In Ground Two of his habeas Petition, Price alleges that his plea was involuntary, unknowing, and unintelligent. As an initial matter, it does not appear that this issue was raised in Price's PCR appeal as an independent claim. Accordingly, this claim was not fairly presented to the South Carolina appellate courts and is barred from federal habeas review. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, this claim would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Price attempted to raise it now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722. Thus, this issue is not properly exhausted and is procedurally barred unless Price can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," which he has not alleged. See Coleman, 501 U.S. at 750.

To the extent that Price is alleging that his plea was involuntary, unknowing, and unintelligent due to his allegations in Ground One, for the reasons that Price's claims in Ground One fail, this claim would fail as well.

Page 10 of 12
PJG

## RECOMMENDATION

Accordingly, the court recommends that the respondent's motion for summary judgment ([Docket Entry 25](Docket Entry 25)) be granted and that Price's Petition be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 25, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).